UNITED STATES, PLAINTIFF *v.* DE BELLAS ENTERPRISES, INC. AND ANTHONY DE BELLAS, DEFENDANTS

Court No. 92-10-00669

(Dated March 3, 1994)

*Frank W. Hunger,* Assistant Attorney General; *David M. Cohen,* Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice *(A David Lafer* and *Marc E. Montalbine)* for plaintiff.
*Fotopulos, Spridgeon & Perez, P.A. (Thomas E. Fotopulos)* for defendant De Bellas.

MEMORANDUM OPINION AND ORDER

MUSGRAVE, *Judge:* This is an action for enforcement of civil penalties and duties pursuant to 19 U.S.C. § 1592. The government alleges in its Complaint that defendants defrauded the government by submitting false invoices on wearing apparel from Australia. Pursuant to USCIT Rule 12(b)(5), defendant moves for summary judgment and the government opposes. Defendant alleges several facial insufficiencies in plaintiff's Complaint, as well as a complete defense by reason of a statute of limitations. Defendant does not prevail based on allegations of facial insufficiency. The Court reserves judgment with regard to the statute of limitations as detailed below.

Defendant first alleges that plaintiff failed to follow administrative procedures and thus failed to adequately state a claim upon which relief could be granted. *See* USCIT R. 12(b)(5). Specifically, defendant alleges that plaintiff failed to follow the administrative procedures set forth in 19 U.S.C. § 1592(b)(1)(A), which include a requirement to serve a pre-penalty notice on the *person* of the subject of the investigation. This claim is without merit.

The Court of Appeals for the Federal Circuit has held that when the individual is the alter-ego or principal of the target company subject to the notice, specific service on that individual is not required. *United States v. Priority Products, Inc.,* 4 Fed. Cir. (T) 88, 793 F.2d 296 (Fed. Cir. 1986). The *Priority Products* court further held that defendant's due process rights were not violated where defendant had clear notice and opportunity to prepare an adequate defense. *See id.* Defendant signed a plea agreement on January 30, 1990 admitting criminal liability in connection with entry number 86-684270-3, filed with Customs on December 30, 1985. In the plea agreement, defendants conceded that "nothing in this plea agreement will affect the Government's right to seek civil penalties in the International Court of Trade * * *." *See Plea Agreement, para. 4, at 2 (January 30, 1990).* Subsequently, mitigation proceedings were briefly entertained regarding 56 consumption entries filed between September 13, 1984 and October 15, 1987. Defendant cannot now assert that he did not have adequate notice of the present suit. Pre-penalty notice served upon De Bellas Enterprises, Inc. was sufficient.

Defendant's second allegation of facial insufficiency of the pleading in the Complaint is more serious. Defendant argues that because plaintiff failed to allege discovery of the fraud, it is impossible to grant relief. 19 U.S.C. § 1621 limits actions to recover penalties among other assessments, based on fraud, to those commenced within five years after the alleged offense was discovered. *See* 19 U.S.C. § 1621. Without knowledge of when the fraud was discovered, the Court is unable to make an accurate determination as to section 1621's applicability. The identical issue has been raised in this Court in a series of cases where the Court did not find the failure to plead discovery fatal *per se. See United States v. Modes,* 16 CIT 879, Slip Op. 92–174 (October 9, 1992); *United States v. Gordon,* 7 CIT 350 (1984) (government required merely to amend Complaint where no prejudice to defendant demonstrated at early stage in litigation); *United States v. Thorson Chem. Corp.,* 16 CIT 441, Slip Op. 92–84 at 9, n.5 (May 28, 1992) (defendant not prejudiced when it had opportunity to file opposing brief after government filed motion to strike affirmative defense of statute of limitations). Rather, the Court inquired whether defendant had demonstrated actual prejudice by said failure. *See Modes,* Slip Op. 92–174 at 18; *Gordon,* 7 CIT at 352. In *Modes,* defendant was not prejudiced because the earliest time at which Customs could have discovered the fraud was *still* within the five year statute of limitations. Defendant here, in its skeletal three-page Motion to Dismiss did not allege any prejudice whatever, and the Court declines to so conclude *sue sponte.*

Accordingly, plaintiff is granted leave to amend its Complaint to include facts and assertions regarding discovery of fraud for the entries spanning 1984 to 1987. While this portion of defendant's Motion to Dismiss is denied, defendant will be afforded an opportunity to rebut plaintiff's forthcoming assertions, if any, in the amended Complaint.

Lastly, defendant asserts that plaintiff's action is barred by the five year statute of limitations governing the collection of penalties. *See* 19 U.S.C. § 1621. Defendant's supporting assertion that plaintiff knew about the fraud at the time of each entry is baldly contradicted by defendant's own claim with respect to failure to plead discovery. Thus, defendant's one-sentence assertion in its Motion to Dismiss is insufficient to form the basis of a decision and the Court will address that issue upon receipt of the amended Complaint.

Plaintiff argues, in addition, that its action is not merely for penalties but for lost duties under 19 U.S.C. § 1592(d). Plaintiff has maintained in this and other cases before the Court that section 1621 applies merely to penalties, not duties. Therefore, plaintiff would have the Court hold that there is no statute of limitations precluding it from moving to collect past duties.[1] The Court reserves decision on this issue until the amended Complaint is filed.

---

[1] On December 8, 1993, the Customs Modernization Act was signed into law, specifically preventing the government from commencing a court action pursuant to 19 U.S.C. § 1592(d) to collect duties owing on entries more than five years from the date of entry.